Case numbers 23-5343 and 23-5345, Kentucky v. EPA et al. Fifteen minutes to be shared by plaintiffs, fifteen minutes for defendants. Mr. Kuhn, you may proceed. May it please the Court, Matthew Kuhn for Kentucky. I'd like to reserve two minutes for rebuttal. Kentucky proved its standing to challenge the 2023 WOTUS rule for either of two reasons. First, as a co-regulator under the Clean Water Act, Kentucky will expend its resources implementing the 2023 rule. Kentucky's declaration at Document 10-1 explains the many compliance costs imposed on Kentucky as a co-regulator. But you don't have to do that. Kentucky's Economic Assessment, that's at Docket Entry 30-1.5, they acknowledge that there would, quote, likely be some administrative costs associated with regulated entities as well as states, tribes, and localities reviewing the final rule language and ensuring their activities going forward are in keeping with it. Is that talking about the rule before the amendment or after? Before the amendment, that is. Okay. And I mean, so, you know, I read your PI motion. Explain to me why those things are not basically all about the nexus requirement, which is no longer part of this rule. So you're right, Judge Kethledge. We did challenge the significant nexus requirement. Right. And it seems to be basically your whole challenge, substantially. I don't agree with that. If you look at paragraph 60 of our complaint, and this issue also played a big role in our stay motion in this court, we also challenged the coverage of interstate waters, that that read navigability out of the act. And that is part of our complaints, part of our PI motion, it's part of what we argued in this court at the stay stage. So that remains in the conforming rule. And, you know, the way this court has told us to address changes after a case is filed is through the doctrine of mootness. Mootness requires a concrete interest, however small. We pointed to part of our complaint that... So, I mean, so what you want us to do, I mean, you brought substantially a nexus case. I understand you had that additional aspect to it. The district court said you didn't have standing based on the rule pre-amendment, right? And so you want us to conduct a standing analysis about the pre-amendment rule and whether you had standing to challenge that, correct? Because we look at standing at the time the complaint is filed, right? Right. So we're going to labor through that analysis to determine whether you have standing to challenge a provision that is no longer there, in addition to one that maybe is. And then we proceed to do a mootness analysis about whether, you know, the fragment that's left behind causes you harm. That's what we're supposed to do here, right? Okay. And respectfully, I'm just trying to understand why this case is not a waste of... This appeal is not a waste of our time and the agency's. So, and just, you're going to have to amend your complaint, it would seem, when you go back. Maybe I'm wrong, but the whole thrust of this complaint is directed at a portion of the rule which isn't there anymore. So, you know, in fairness, it would seem like no matter what happens, you have to amend. The district court dismissed without prejudice. And I just wonder, what's really at stake in this appeal other than having us take the first pass at your ability to challenge the amended rule rather than having the district court do that first? Why are we arguing about this when you can go back and file a new suit directed right at the new rule and just start over? So why do we do all this analysis when you can already basically do the same thing in the district court? So two answers to that. The first is, I think your criticism about a waste of time would have much more validity if we had not been dismissed. If we could have, while this appeal was pending, have gone back... Without prejudice. But the response then would be we would file another complaint in front of Judge Van Tatenhove and we know what he's going to say. And we're going to be exactly where we are. You know, almost a year past the conforming rule now. We're going to be exactly where we are another year past the conforming rule. And we're going to brief the same issues that we briefed the court exhaustively about standing. Judge Van Tatenhove, in our view, had a mistaken understanding of our role as a co-regulator, had a mistaken understanding of what's compliance costs. That is a legal issue that the court can clarify. We granted you a stay, right, during the pendency of this appeal? Is that right? That's correct, your honor. I think I was on that panel. Yes, you were. It's a good ruling. I mean, you know, so I think there's no reason to assume the district court's going to just robotically go through the same thing again. We have a new rule. In the meantime, we stayed its ruling on the grounds that it would be likely reversed, right? I mean, a conscientious district judge, which Judge Van Tatenhove very much is, is going to listen to you and take a fresh look at this, I would think. That doesn't seem like much of a reason for us to, you know, do this fed court's writing project so that you can do what you would do anyway, file a new complaint. So I do think the court has jurisdiction, and the court has an obligation to decide cases within its jurisdiction. I don't want to interrupt you, but I believe that Judge Kessler's question doesn't go to jurisdiction. It goes, I think, to the practical question of why are we doing this, and why don't you all just find a way to get back before, or why don't we give you a way to get back before the district court and talk about the amended rule? So I think you, within your... I don't see what you get from this, is the bottom line. So if we go back, there's the risk that Judge Van Tatenhove is going to do exactly what he has done already. Well, you would be taking that risk no matter what. If we had guidance from the court, then I don't think we would. Judge Van Tatenhove's order is being cited against Kentucky and other cases. We'd like to get that ruling vacated. I do think the court... I take the point that the court is a court of review and not first view, and that's... And limited resources, too. That's absolutely accurate, and so... Look at our docket today. I had another Kentucky v. EPA last June, and that's a case with a big lot of issue. So can I... Let me break it apart, if I can, and just answer this concern. I do think the dismissal has to be vacated. We were not given notice. Judge Van Tatenhove... I have a tip just with that. With a ruling that only addresses that point, and then send you back to talk about the amended rule. Kentucky can live with that. I would urge the court to vacate the denial of the preliminary injunction in light of Sackett and in light of the conforming rule. That way, there's no concern that we're bound by anything. And I think, Judge Kethledge, your point is a good one, that the Sixth Circuit has already said that on standing, he's likely wrong. And we can sort that out here. But I would say from a judicial economy perspective, I appreciate the point about limited resources. We've exhaustively litigated this. This is fully teed up to the court. There's a very good risk that a year or 18 months from now, I'm going to be coming back and arguing the exact same things about being a co-regulator and compliance costs. And I do think that there is some economy, given that we're now more than a year past Sackett, almost a year past the conforming rule. It's briefed up. I do think you can provide substantial guidance so that when we go back to Judge Van Tatenhove, we can focus on the merits. I mean, it makes us go first as to the amended rule. So I don't think you have to... I disagree with that. I don't think you have to address the amended rule. The question is whether we had standing to file our complaint at the time we filed it. That was the universe. The amended rule wasn't there. And the question whether it's moot now, because you basically, you got 99% of what you were asking for, basically. And so now the question is whether this thing's moot for that reason. And so we have to look at the amended rule and see, you know, does this still harm you, even though basically everything we heard about in the complaint, the PI motion, was about the nexus. I mean, I don't want to just belabor it, but yeah. Your time's up. Sorry. I appreciate the court's indulgence. We'll hear from counsel for the chamber. And I guess you might want to address the point that Judge Kessler and Gennaro were  Good morning. May it please the court. Albert Lin on behalf of the Appellant Associations. And I'll just jump right in to the same question. So maybe one place to start is, Your Honor, I don't think we have to amend our complaint. We have challenged similar things. The interstate, the inclusion of interstate waters, all interstate waters, as well as the specific flow duration for tributaries. If I had a complaint that is just pointed almost, you know, all of its big guns at a target that doesn't exist anymore, I'd probably sort of reconfigure myself. Yeah, it may make sense as a matter of litigation strategy. But I do think that this complaint includes all of the rule. And I think it's undisputed by the agency that much of that rule still remains in place. If we wanted to challenge the amended rule, there are other problems with the amended rule that I'm sure have been briefed up in other district courts at this point. Procedural challenges, APA challenges to how that went about. And those are things that we would have to amend if we wanted to include in the case. But I don't think it's just theoretical to say this court could reverse the dismissal, send it back down, and we could proceed forward on the amended complaint, just challenging the portions of the rule that remain. As to the question of judicial economy, I mean, and since we're talking practically, I think one of our responses to that is we don't actually think this is that complicated of an appeal. Really? To go through all this? You know, I mean, I'll just stop. I mean, a standing opinion about a rule that isn't here anymore. And then, you know, this sort of more magnifying glass, mootness analysis. I mean, it's a Fed courts exam. You know, and to what end? But I've already, I repeat myself. If I could, Your Honor, I think on, at least for the appellant associations, we think that the standing inquiry, which is really examining whether he was right on the premise of the dismissal, which was that we didn't have standing to seek the PI, we think it begins and ends with this court's decision in Yellen, which makes very clear that compliance costs, just like the compliance costs that we're talking about here, compliance costs to comply with a statutory prohibition that is newly explicated by a rule. And that's what we've got, that that's standing. I don't think it really, in my own view, don't think it really requires a lot of complex analysis. And as for mootness, again, You're not the one having to write the opinion. I appreciate that, Your Honor. But I do think that it really does begin and end with Yellen. I think you could point to The opinion that would address something that no longer exists. It does address a rule that doesn't exist, but I think it goes to the premise of the dismissal, right? And the reason that we're here That means you're asking us to give our gratuitous advice to the district court. And that's not what we do. I mean, that's not our job at this point. I appreciate that, Your Honor. But I don't think it's an advisory opinion because it addresses the dismissal. If you're right about the court shouldn't have dismissed without notice, then it is advisory. It's gratuitous. This whole analysis would be gratuitous if the court made a simple procedural error that it needed to give Kentucky notice, right? And so we don't have to go through all this. That's absolutely correct. And I would give you the same answer that Mr. General Kuhn did, which is that we would take that, which we think should result in the vacature of the decision below, and it goes back and we reset the case and go forward. So presumably amend. If we decided to include a challenge to the conforming rule, I think we would amend at that point. But I would quarrel, Your Honor, with the idea that it's gratuitous. You see appeals all the time where there are different, multiple alternative grounds for reversing the court below. And we think that there are two basis for reversing the dismissal. One is to address the sort of premise of the dismissal, which was that we didn't have standing to proceed with the PI. But Judge Cuthledge, to your point, you could skip over that and address the second issue, which is whether there was proper notice. We understand. Yes. But the other thing that I did want to emphasize is I don't actually think that the mootness analysis is really that complicated either, at the risk of your disagreement. Because I think the question on mootness is, can this court give us relief? And the relief is from the dismissal. And so if there's something left in our complaint that challenges a part of the rule that remains, that's all this court needs to conclude. And I don't think the agency has quarreled with the idea that there are parts of the rule that remain. And so that gives us relief from the dismissal, which means that this case isn't moot. Why don't you tell us, to build on General Kuhn's suggestion, do you have any thoughts about vacater of the denial of the injunction? Let's move to a fresh topic. Of course. We're not really challenging the denial of the injunction at this point. What we're challenging is the dismissal. So I think if you vacate the dismissal, and you vacate the opinion that led to the dismissal, I think that's something that would be perfectly satisfactory to us and would get us to where this case needs to be. Okay. Thanks. I'm not going to bother you any further. Okay. Well, then, with that, I'll defer the remainder of my time to General Kuhn on rebuttal. Thank you. I think the remainder of your time is a matter of a few seconds, probably. All right. We'll hear from you, Ms. Jeffries. Good morning. May it please the court. Ariel Moran Jeffries on behalf of the federal government. I think I'm going to start with movements. We are in a substantially different regulatory landscape than we were when the district court decided this matter. Sackett by the Supreme Court was released. The agencies have now issued a new conforming rule that substantially changes the restrictions that the plaintiffs have been challenging. Most notably, as this court has already discussed, there is no longer a significant nexus standard, which affects many of the five different categories. And so we are facing a different challenge fundamentally. If this court were to rule on plaintiff standing to challenge a former regulation, it would be nothing more than an advisory opinion. Plaintiff's theory of standing fundamentally hinges on the notion that there has been an increase in jurisdiction and the notion that that increase in jurisdiction is caused by the significant nexus standard, which is no longer present. The practical reality of this is that plaintiffs are free today, tomorrow, yesterday, while we were briefing this case to challenge the new rule based on a new complaint. There is nothing prohibiting them from doing so. And there's nothing that this court needs to do in order to allow them to do so. I think that fundamentally what plaintiffs have been arguing today is that they need an opinion from this court based on the risk that Judge Van Tatenhove will not accurately apply the law in the first instance and so needs this court's advice. But that is not the role either of the federal judicial branch nor of courts of appeals, which are courts of review and not first view. Do you have an objection to the course of sending it back based on the fact that the notice of the dismissal was not given? I do. I don't think the court needs to reach that in the first instance, but then I'll get to the merits of the question of notice. In the first instance, this court can simply find that this appeal is moot and either affirm or dismiss this appeal as moot. It doesn't need to get... Let's say, you know, that takes... I mean, let's just say we don't want to do that and we're just talking about Judge Gibbons' suggestion. Is that okay with you or do you have an objection to it? On the merits, we have an objection to the idea that this court would create a new notice rule for standing, which doesn't currently exist. That would be new precedent. That's what we're saying. Okay. I'm sorry. I think what we're saying that before the sua sponte dismissal, the court was required to have given notice that that was under consideration, quite apart from whether the ruling was correct or not. What if we dealt only with the failure to give notice, got it back in the district court so that there could be amendment of the complaint and then you could proceed from there and we wouldn't have to do either a mootness analysis or a merits analysis? Well, first the court needs to consider its own jurisdiction and so it would presumably need to do... The court would need to consider its own jurisdiction and so the mootness analysis would come first before a merits analysis. But let me walk with you through the actual merits of the notice question. Our position is that the district court was not required to provide any additional notice beyond what it already provided to plaintiffs. There was substantial briefing in the district court on the question of standing. There was argument for lengthy period of time on the question of standing. Plaintiffs had ample notice that standing was in question and so there was no additional notice needed, nor would providing additional notice do anything practical for plaintiffs. They haven't identified any particular... There is something practical for us. Understood, Your Honor. There's a feeling, it's a feeling one has writing dictum, which is why I try to avoid it, that there's no skin in the game. And as a jurist, you think better when the rights of a party before you actually turn on what you decide as opposed to this is kind of de facto academic. And it's dangerous for courts, I think, to indulge in that. I fully agree with you, Your Honor. And I think that what this court could do... Actually, Judge Davis was on a panel recently in June where they followed this exact course. It was unpublished in per curiam, but I imagine she recalls. Essentially, what the court said was that the challenge, the underlying decision was based on standing. There were then subsequent regulatory challenges. And the court simply said, because of these subsequent regulatory challenges, this appeal is moot. And it doesn't need to be a long decision. It doesn't need to get into a fed court's exam about standing. You're right about that as well. Of course. And what's your response to their argument that the interstate waters issue is still alive, and so there still is something that we could do? I mean, you're arguing it as though it's a foregone conclusion that it's moot. But what about that? Why don't you address that part of it? Right. So I think that goes to a similar but perhaps slightly different question about whether the case as a whole is moot. At a minimum, I think this appeal is moot because the only question before this court is they're standing to challenge former regulations. And so that will inherently be an advisory opinion. As to whether the case can proceed as a whole, it is true that the interstate waters provision was in the prior rule, is now in this rule. It was also in the 1986 regulations. Interstate waters has been a feature of this for a long time. And that's why it goes to their standing and their theories of standing, right? Take Kentucky, for example. It came up when they were talking about standing. We're talking about their standing as a regulator, that they will have to take concrete additional steps like water quality standards or their status as a regulator in issuing permits. But interstate waters have been a feature of the regulatory landscape almost consistently, with the exception of essentially one year since the very first regulations were issued. Essentially since the Clean Water Act was enacted in 1972. So Kentucky doesn't have to do anything that it hasn't essentially been doing as a regulator this entire time. If that is the only basis for its standing to challenge the new rule, then we would say that it's not a basis for an injury. And it certainly would not be redressable. And on that point, I would also go back to this notion of vacaner of the denial of the preliminary injunction from the prospects of redressability. That simply would have no practical effect. To send them back and then challenge on a preliminary injunction basis a rule that has now been superseded wouldn't have any practical effect. And so there's no need for the court to do that. And in fact, there's no jurisdiction for this court to do that. I'll go ahead and return to the procedural notice point, if that's maybe the merits question that folks have the most interest in. But I'm happy to go wherever the court is most interested in. I suppose I would just caution the court against creating a new notice rule. Plaintiffs point to Chase Bank and Stanislaus and a slew of cases that have notice rules for merits determination. And that is fundamentally different than what this court would be doing, which would be creating new precedent in this circuit that did not previously exist, requiring... I mean, you know, while we're talking about it, why shouldn't a plaintiff have notice of a court's intention or inclination to dismiss on standing grounds or jurisdictional grounds just as much as the merits? I mean, what's the harm of, hey, I'm thinking about this. Maybe you should brief it before I do. I think three different things. First of all, plaintiffs are on notice when providing their complaint that they are required to meet the basic elements of standing. That's true as to the merits. I mean, what's the harm of saying, you know, hey, you've got to give them a chance to brief the question, merits or, you know, jurisdictional, before you dismiss the case and then we end up here and start having these conversations. First of all, it would interfere with district court's ability to manage their own dockets and their own... I think it substantially would. District courts, courts of appeals, even the Supreme Court regularly dismiss sua sponte for lack of jurisdiction. This is not something that is... Dismissal sua sponte is actually fairly rare. I mean, I was a district judge for 19 years, so I think I know a little bit about that. Right, and what I'm saying is it occurs and this court would be creating a new rule preventing it from happening. And specifically on these facts, I think that that sort of ruling would be particularly problematic because we substantially briefed standing. There was plenty of notice. Plaintiffs object that they didn't have notice that there was a lower standing threshold despite having notice that they were being required to prove a higher standard for preliminary injunction. It's almost nonsensical to say that even though they had notice that they would have to provide evidence of an injury in fact, evidence that it's traceable and that it's redressable, that they didn't also have notice that at a bare minimum, they needed to reach the Twombly and Iqbal plausibility standard for each of those elements. And I would urge the court against creating that sort of rule that would interfere with district court administration of their own dockets that simply doesn't exist currently. And to the rarity of it, it may not be happening every day, of course, Judge Gibbons, but in FWPBS, the Supreme Court itself, no one had ever briefed standing, including in front of the Supreme Court, no one had briefed standing below. The Supreme Court sua sponte vacated with instructions to dismiss. This also happens in the Court of Appeals regularly, even though it hasn't been done before. In Raritan v. Bountiful County, which is a 10th circuit, they affirm the sua sponte dismissal at the PI stage despite objections to lack of notice. Bench Billboard v. Cincinnati in this circuit also says that courts may dismiss for lack of standing regardless of whether the issue is addressed by the parties. Maryland Shall issue in the Fourth Circuit. I mean, these cases go on and on. This circuit would be creating a new rule requiring notice. I suppose also on this notice point, I would flag, they raised the idea of Alabama Legislative Black Caucus, which is the Supreme Court decision, saying that in some special circumstances, there may be equitable reasons to provide notice. The 11th circuit may be a good place for this court to look if it would like more information about how that's been interpreted. There was an en banc petition in the 11th circuit claiming that the Court of Appeals had sua sponte dismissed without providing sufficient notice in violation of Alabama Legislative Black Caucus. And there in a statement respecting the denial of en banc, three judges explained that Alabama Legislative Black Caucus was narrowly tailored only to very special circumstances and that there was otherwise no notice requirement. So this court would not be able to avoid difficult questions by getting into this notice question. In fact, it would be wading directly into issues that Courts of Appeals have denied en banc before, very serious questions about what sort of notice is required. And serious questions, too, about what the nature of jurisdiction is fundamentally. Steele Co. makes it very clear that the only function remaining for courts is to dismiss when they conclude they have lack of jurisdiction. And this court would be stepping in the middle of that by creating a procedural requirement that did not previously exist. And so that is why I would caution this court against going that route. I simply don't think it's also easier from a judicial economy perspective than simply saying that the regulatory landscape has fundamentally changed, making this an abstract question of standing and dismissing the appeal as moot. If there are no further questions, I would ask that the court affirm. Thank you. May it please the court. I have two brief points, all tailored toward helping the court write a three-page opinion, hopefully. The first is I respectfully disagree with my colleague. She says the appeal is moot, so therefore you should dismiss the appeal. But the problem is the case has been dismissed. And she's now acknowledged that the case is not moot. So I don't think just dismissing this appeal, that doesn't deal with our dismissal. So I don't think that's a proper remedy. I think that the way to deal with this is to say Chase Bank has said in published authority, you have to give sua sponte notice. The Alabama Legislative Black Caucus case has applied a rule like that in the standing context. They said, and this is at pages four and five of our brief, elementary principles of procedural fairness can require an opportunity to give a plaintiff an opportunity to provide evidence of standing before a sua sponte dismissal. This is not continuing on jurisdiction. A court always has jurisdiction to determine whether it has jurisdiction. So Judge Van Tatenhove should have given us notice. He's now essentially admitted he should have, just required to give us notice. We can file a brief about standing. We could have amended our complaint at that time. At that point in time, we could have amended as a matter of course. We could have argued standing under the pleadings-based standard, which is the appropriate standard. He did not apply a pleadings-based standard in dismissing us. It was an evidentiary-based standard. So I think a notice, the way to think of it is it gives Judge Van Tatenhove evidence to think about whether or not he has jurisdiction. Do I correctly interpret this as a sort of rethinking of the merits of the suggestions that have been made to you by the panel? This is responding to the panel and helping the court get to what I think helps my client the most, which is to go back and have the opportunity to amend my complaint and focus my standing affidavits on the amended rule and move forward that way. I think that gets Kentucky to where we need to go to move forward with this case. So I appreciate the court's time. Thank you. We appreciate the argument that all of you have given and we'll consider the matter carefully. Thank you.